IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASKIA S. ASHANTI,

        Plaintiff,                  No. CIV S-03-0474 LKK GGH P

   vs.

CA. DEPT. OF CORRECTIONS, et al.,

        Defendants.         ORDER

                                       /

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. On June 3, 2005, plaintiff asked for reconsideration of the district judge's Order, filed on May 25, 2005, adopting the December 3, 2004 Findings and Recommendations of the undersigned, which order stated that no objections had been filed. Any objections by any party, as plaintiff was informed in the Findings and Recommendations at issue, were due by no later that December 23, 2005 (twenty days after filing of the objections). Plaintiff's objections were filed on April 12, 2005, applying the mailbox rule.[1]

        Plaintiff asserts as the reason for the extreme tardiness of the objections that he was transferred in December, 2004 from California State Prison (CSP)-Solano to Sierra Conservation Center (SCC)-Jamestown and that it took approximately three months before he

---

[1] The objections were file-stamped by the court as arriving on April 15, 2005.

received all 19 boxes of his legal property. He further states that the last of the boxes of legal property were shipped in March of 2005. Plaintiff includes correspondence that indicates that he received the last of his boxes of legal property on March 9, 2005. Even assuming the Findings and Recommendations were boxed prior to plaintiff's having been able to review them prior to his December 2004 transfer, and even if plaintiff is correct that they were contained among documents not shipped to him until March 9, 2005, he gives no convincing reason why he could not have filed the belated objections until April 12, 2005. As plaintiff has provided insufficient reasons for the gross untimeliness of his objections, the objections will not be considered, nor, in the circumstances, is reconsideration of the May 25, 2005 order warranted.[2]

As to plaintiff's putative third amended complaint, unaccompanied by an appropriate motion, it too is untimely and inappropriately seeks to reinstate claims for monetary relief previously dismissed. Plaintiff was granted leave to file a third amended complaint by order filed on August 26, 2004 within 30 days of that order. Plaintiff failed to do so until April 15, 2005 and has provided no basis for the court to consider the amended pleading. The proposed third amended complaint will be stricken.

The court notes that the current posture of this case, as set forth in the order filed on May 25, 2005, is that this action proceeds against defendants Woodford and Carey, in their official capacities, for prospective injunctive relief only; their answer is due by no later than June 14, 2005. See Order, filed on May 25, 2005.

Accordingly, IT IS ORDERED that:

1. Plaintiff's June 3, 2005 request for reconsideration of the May 25, 2005 Order, based solely on the district judge's having failed to reference objections by plaintiff filed, without sufficient reason, extremely untimely, is disregarded; and

\\\\\

---

[2] The court's review of plaintiff's extremely untimely objections reveal that, in any event, they lack merit.

2. Plaintiff's proposed third amended complaint, file-stamped April 15, 2005, is stricken.

DATED: 6/10/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
asha0474.nrc