UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ASKIA S. ASHANTI

        Plaintiff,

   v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al,

        Defendants.

NO. CIV. 03-474 LKK/GGH

O R D E R

Pending before the court is plaintiff's motion for reconsideration of the magistrate judge's September 19, 2006 order denying a motion to compel discovery. Plaintiff additionally moves to recuse the magistrate judge on the grounds of bias and prejudice. For the reasons set forth below, the motion for reconsideration is denied, and the order of the magistrate judge is affirmed.

**I. FACTUAL BACKGROUND**

Plaintiff was first convicted and committed to the custody of the California Department of Corrections ("CDC") in 1988. At the time, plaintiff's legal name was Lorenzo Cunningham. Subsequent

1

to his parole in 1994, plaintiff changed his legal name to Askia Ashanti. Plaintiff was convicted of another offense in 1996 and was again committed to the custody of the CDC. When prison officials refused to change plaintiff's name to Askia Ashanti on the majority of his prison records, plaintiff commenced the instant litigation.

The magistrate judge denied plaintiff's motions to compel further discovery in an order filed September 19, 2006. Plaintiff presently seeks reconsideration of the denial of his discovery requests and recusal of the magistrate judge who issued the order.

## II. STANDARD

A non-dispositive pretrial motion referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) is reviewed under a clearly erroneous or contrary to law standard. See 28 U.S.C. § 636(b)(1)(A); Local Rule 72-303(f); United States v. Raddatz, 447 U.S. 667, 673 (1980). Under this standard, the magistrate judge's decision is affirmed unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

## III. ANALYSIS

**1. Request to Recuse Magistrate Judge**

Plaintiff first appears to allege that recusal is proper for reasons of conflict of interest pursuant to 28 U.S.C. § 455(a). "Under Section 455(a) . . . disqualification is proper only if the judge has a 'personal' bias in the case." Potlatch Corp. v. U.S.,

2

548 F. Supp. 155, 156 (N.D. Cal. 1982). No factual allegations of the magistrate judge's personal bias appear in plaintiff's motion. Accordingly, recusal under 28 U.S.C. § 455(a) is unjustified.

In an alternate theory of impropriety, plaintiff asserts that recusal is appropriate under 28 U.S.C. § 455(b)(1). In support of this allegation, plaintiff cites a number of prior adverse rulings he received in this and prior related litigation from the magistrate judge. See Pl.'s Mot. to Reconsider ("Pl.'s Mot.") at 5-9.

Under 28 U.S.C. § 455, recusal is proper when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." U.S. v. Studley, 783 F.2d 934, 939 (9th Cir. 1986), citing Mayes, 729 F.2d at 607; 13 C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3542, 346-48 (1975).

Plaintiff makes no allegations of extrajudicial prejudice, and instead bases his motion for reconsideration solely upon a history of prior adverse rulings. This is an insufficient basis for recusal. See Studley, 783 F.2d at 939. Accordingly, defendant's motion for recusal under 28 U.S.C. § 455 is denied.

**2. Motion to Compel Discovery**

The motion for reconsideration of the order denying

plaintiff's motion to compel discovery is based primarily upon the contention that recusal of the magistrate judge is proper. As explained above, however, the court finds that recusal is unwarranted.

Plaintiff additionally claims that the court was untimely in responding to his motions. He alleges four months to be the appropriate time for a response from the court. Pl.'s Mot. at 6. There is no support for this allegation. The court has "broad discretion in supervising the pretrial phase of litigation". Zivkovic v. Southern California Edison Co., 302 F.3d 1080 (9th Cir. 2002). Accordingly, plaintiff has failed to demonstrate that the magistrate judge's order was clearly erroneous or contrary to law.

### IV. CONCLUSION

For the reasons explained above, plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: November 17, 2006.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4