IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ASKIA S. ASHANTI,

    Plaintiff,                                No. CIV S-03-0474 LKK GGH P

    vs.

CA. DEPT. OF CORRECTIONS, et al.,

    Defendants.                        FINDINGS AND RECOMMENDATIONS

    Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff seeks to have the California Department of Corrections and Rehabilitation (CDCR) have his name changed in all appropriate places. On March 26, 2007, the district court adopted the findings and recommendations that defendants' motion for summary judgment be granted and plaintiff's cross motion for summary judgment be denied and judgement be entered for defendants. On May 29, 2008, plaintiff brought a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b). Plaintiff also requests appointment of counsel.

I.     Relief from Judgment

    Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b) provides in relevant

1

part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." <u>Allmerica Financial Life Insurance and Annuity Company v. Llewellyn</u>,139 F.3d 664, 665 (9th Cir. 1997).

The court has reviewed plaintiff's motion and finds that plaintiff has added nothing new or substantive that was not previously before the undersigned, nor does he demonstrate any basis for the court to find that the judgment was mistaken.  Instead, plaintiff simply seeks to rehash arguments that the undersigned has already considered.

Furthermore, any motion made pursuant to Rule 60(b), shall be made "not more than one year after the judgment....," it is clear that this request, filed more than one year after entry of judgment, should be denied on grounds of untimeliness.  Plaintiff does not make any substantive or coherent claim and has not in any manner shown the judgment is void (as is required under Rule 60(b)).  As noted in any event, the motion is untimely.   Thus, plaintiff's motion will be denied.

II.        <u>Appointment of Counsel</u>

Plaintiff also requests the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY RECOMMENDED that

1. Plaintiff's motion for relief from judgment, pursuant to Rule 60(b), be denied.

2. Plaintiff's motion for the appointment of counsel is denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 22, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

GGH:AB  
asha0474.60b